ZUCCARO, Justice,
for the Court:
On March 15, 1985, Henry Turnage was convicted for the murder of Willie Earl Williams in the Circuit Court for the First Judicial District of Hinds County, the Honorable William F. Coleman presiding. From that conviction and sentence to life imprisonment Turnage appeals.
In October of 1980, Henry Turnage and Willie Earl Williams were both employed at Jackson Packing Company, in Jackson, Mississippi. After work on October 10, 1980, Turnage went to Tom’s Bar-B-Que as did several other Jackson Packing employees, *1218 including Williams. By the end of the evening Williams was dead from gunshot wounds. At trial Turnage admitted firing the fatal shots, but testified he was acting in self-defense. Turnage testified that he was in fear for his life because Williams was threatening him with a wine bottle. Turnage drew a .22 caliber gun which misfired once and then delivered a fatal bullet. Williams was dead on arrival at a local hospital.
On appeal Turnage raises a single issue. Turnage assigns as error that the Circuit Court erred in refusing to give the following requested instruction.
INSTRUCTION D-10
The Court instructs the jury that the law is that a person assaulted, or about to be assaulted by any means likely to produce death is not required by the law to wait until his adversary is on equal terms with him, but may rightfully anticipate his adversary’s action and kill his adversary, when to strike in anticipation reasonably appeared to be necessary to self-defense; and, unless you, the jury, are satisfied in your minds beyond a reasonable doubt that the deceased, at the time of the killing, was not attempting to assault Defendant with a bottle, then you, the jury, must find the Defendant Not Guilty.
Without question Turnage presented evidence sufficient to warrant the granting of a self-defense instruction. The jury received the following instructions:
INSTRUCTION D-8
The Court instructs the jury that every killing is not murder, and that it is never incumbent upon the accused to prove conclusively that the act was committed in self-defense, all that is necessary for the accused to prove in order to establish self-defense is that at the time of the killing the Defendant had reasonable grounds to apprehend danger of his life or good reason to believe that his life was in danger on account of the actions of the deceased.
INSTRUCTION D-9
The Court instructs the jury that in this State, no one is required to flee in the face of threatened assault, but may stand his ground, and in a proper case may anticipate an attack and, if reasonably necessary, slay his adversary to save his own life.
INSTRUCTION D-ll
The Court instructs the jury that the Defendant, Henry Turnage, was entitled to act upon appearances, and if the conduct of the deceased was such as to induce in the mind of a reasonable person, situated as he was, under all the cirumstances [sic] then existing, and viewed from the standpoint of the Defendant, a fear that death or great bodily harm was about to be inflicted by the deceased on him, it does not matter if there was no such danger provided that the jury believe that the Defendant acted in self-defense from real and honest conviction, then the jury should find him “Not Guilty”, even though they believe that at the time he was mistaken and that he was not in any great danger.
In support of his argument that the trial court erred in refusing the instructions in issue Turnage cites Leverett v. State, 112 Miss. 394, 73 So. 273 (1916). In Leverett this Court held that the failure to give a similar instruction was error because “no other instruction of like import was given.”
Instructions should be read and considered as a whole in analyzing whether they should be granted or denied. Mullins v. State, 493 So.2d 971 (Miss.1986); Lee v. State, 469 So.2d 1225, 1232 (Miss.1985); Jordan v. State, 464 So.2d 475, 479 (Miss.1985); Roberts v. State, 458 So.2d 719, 721 (Miss.1984). It is well-settled Mississippi law that provides that the refusal of a similar instruction is not error if the jury is fully and fairly instructed by other instructions. Mullins v. State, 493 So.2d 971 (Miss.1986); Billiot v. State, 454 So.2d 445, *1219 461 (Miss.1984); Barr v. State, 359 So.2d 334, 338 (Miss.1978).
We have carefully considered Instruction D-10 and are of the opinion that it was repetitive of Instructions D-8, D-9, and D-ll. The record reflects and we hold that the jury was fully and fairly instructed concerning the law of self-defense. Therefore, in absence of reversible error, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.