## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CT-01136-SCT

*REGINALD TORLENTUS JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/96 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS M. FORTNER |
| | ANDRE' DE GRUY |
| | ROBERT M. RYAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: GLENN WATTS |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 1/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/3/2000 |

## EN BANC.

## BANKS, JUSTICE, FOR THE COURT:

¶1. The question presented in this appeal is whether a trial court, when considering peremptory challenges under ***Batson v. Kentucky***, 476 U.S. 79 (1986), may decline to make a factual determination, on the record, of the merits of the reasons provided by a party for those challenges. The Court of Appeals found that the trial court's failure to hold such a hearing was not error. We granted certiorari and, pursuant to ***Hatten v. State***, 628 So. 2d 294 (Miss. 1993), reverse the judgment of the Court of Appeals and remand this case to the Hinds County Circuit Court.

I.

¶2. The murder conviction which is the subject of this appeal arose out of an altercation over an allegedly stolen bicycle. Reginald Torlentus Johnson, defendant/appellant, shot and killed William Charleston.[1]

¶3. At trial, after the State had exercised all six of its peremptory challenges to remove blacks from consideration for jury service, the defense raised the issue that the State was exercising its strikes in a

discriminatory fashion to systematically exclude these black venire members solely on the basis of race. The State countered that the facts did not establish a prima facie case of discriminatory intent in its exercise of the permitted peremptory challenges. Rather than decide that threshold issue, the trial court simply directed the State to offer race-neutral reasons for the six strikes. The State proceeded to do so. In summary, those reasons offered were as follows:

> (a) Juror One, Panel One refused to look at the prosecutor and was unresponsive.

> (b) Juror Six, Panel One's husband was incarcerated in the penitentiary on a drug charge.

> (c) Juror Nine, Panel One was struck because of age, being twenty-three years old.

> (d) Juror Ten, Panel One made no direct eye contact and had served on a civil jury that returned a verdict against a police officer.

> (e) Juror Eleven, Panel One was struck because of age, being twenty-three years old.

> (f) Juror One, Panel Two was struck because of age, being twenty-nine years old, and because that juror had been on a jury that returned a defendant's verdict in a criminal prosecution.

¶4. The defense was then given the opportunity to be heard on the challenges. Defense counsel provided rebuttal on two of the State's peremptory strikes, Juror One, Panel One and Juror Ten, Panel One. Defense counsel's response was to the effect that the reasoning offered by the State was so unsubstantiated that it was offered to hide the discriminatory purpose for the strikes. The trial court announced, without elaboration, that all six peremptory challenges would be permitted to stand. It is that ruling that Johnson raised as error on direct appeal.[2]

¶5. The Court of Appeals found the following: (1) the trial court skipped the first step in the *Batson* analysis when it failed to find that the State's actions amounted to a prima facie case of discrimination before requiring it to provide race neutral reasons for its strikes; (2) this was irrelevant because it was clear from the record that such a prima facie case had been made; (3) the trial court's finding that the peremptory challenges were race neutral would be upheld; and (4) the trial court's finding that the peremptory challenges were sufficiently race neutral to be upheld as non-discriminatory under *Batson* would be upheld. Finally, the Court of Appeals found that the trial court's failure to make on the record findings concerning its acceptance of the peremptory strikes was not error despite this Court's decision in *Hatten v. State*:

> In reviewing the trial court's decision to accept the State's facially race-neutral reasons as being offered in good faith, we do not find the absence of such detailed findings to be reversible error. The trial court's decision on this aspect of a *Batson* challenge, as we have observed, involves a subjective analysis of the credibility of the prosecuting attorney. It must be based in substantial part on the trial court's observations of the attorney's conduct and demeanor and may also properly involve other largely intangible and even intuitive considerations. Whether those complex considerations could be articulated with any precision is, in itself, doubtful. Even if they could, it is equally as doubtful that the resulting information would provide any meaningful assistance to this Court in deciding whether the court abused its discretion. We decline to reverse the conviction on this basis.

II.

¶6. This Court stated the following in *Hatten v. State*, 628 So. 2d 294, 298 (Miss. 1993):

This Court has not directly addressed the issue of whether a trial judge is required to make an on-the-record factual determination of race neutral reasons cited by the State for striking veniremen from a panel. The *Batson* Court declined to provide specific guidelines for handling this issue. This Court has articulated the general law in this state which provides that "it is the duty of the trial court to determine whether purposeful discrimination has been shown," by the use of peremptory challenges. *Wheeler v. State*, 536 So. 2d 1347 (Miss. 1988); *Lockett v. State*, 517 So. 2d at 1349.

In considering this issue, we today decide it necessary that trial courts make an on-the-record, factual determination, of the merits of the reasons cited by the State for its use of peremptory challenges against potential jurors. This requirement is to be prospective in nature. Of course, such a requirement is far from revolutionary, as it has always been the wiser approach for trial courts to follow. Such a procedure, we believe, is in line with the "great deference" customarily afforded a trial court's determination of such issues. "Great deference" has been defined in the *Batson* context as insulating from appellate reversal any trial findings which are not clearly erroneous. *Lockett v. State*, 517 So. 2d at 1349-50. *Accord Willie v. State*, 585 So. 2d 660, 672 (Miss. 1991); *Benson v. State*, 551 So. 2d 188, 192 (Miss. 1989); *Davis v. State*, 551 So. 2d 165, 171 (Miss. 1989), *cert. denied*, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 797 (1990); *Chisolm v. State*, 529 So. 2d 630, 633 (Miss. 1988); *Johnson v. State*, 529 So. 2d 577, 583-84 (Miss. 1988). Obviously, where a trial court offers clear factual findings relative to its decision to accept the State's reason[s] for peremptory strikes, the guesswork surrounding the trial court's ruling is eliminated upon appeal of a *Batson* issue to this Court.

This rule was handed down prospectively. In *Bounds v. State*, 688 So. 2d 1362 (Miss. 1997), the Court found reversible error in part because of the trial court's failure to provide on the record factual determinations for its denial of Bounds's peremptory strikes.

¶7. Most recently, in *Puckett v. State*, 737 So. 2d 322, 337 (Miss. 1999), this Court found no reversible error on other issues, but remanded for a hearing solely on the *Batson* question because "the trial judge did not make on-the-record factual determinations and inquiry independently as required by *Hatten* regarding each peremptory challenge."

¶8. We say once again that the rule promulgated in *Hatten* will be enforced. The judgment of the Court of Appeals is reversed. The case is remanded to the Hinds County Circuit Court for a hearing and findings pursuant to *Hatten* and *Batson*.

¶9. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., AND McRAE , J., CONCUR. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, WALLER AND COBB, JJ.**

**MILLS, JUSTICE, DISSENTING:**

¶10. I respectfully dissent from the majority opinion. I would follow the same reasoning stated in my dissent in *Berry v. State*, 703 So.2d 269, 296-98 (Miss. 1997). This Court is fully capable of balancing the

*Batson* factors in many of the cases before us, including this one, and continued remand of such cases only wastes limited trial court resources and further delays justice.

¶11. Therefore, I respectfully dissent.

## SMITH, WALLER AND COBB, JJ., JOIN THIS OPINION.

1. For a further description of the events and prior legal proceedings, see the opinion of the Court of Appeals, *Johnson v. State*, No. 96-KA-01136 COA, 1998 WL 881766, at *1 (Miss. Ct. App. 1998).

2. While there was no cross-appeal, we note that the trial court refused to consider the State's *Batson* challenge to defense strikes. We call the court's attention to *Griffin v. State*, 610 So. 2d 354 (Miss. 1992), and *Randall v. State*, 716 So. 2d 584 (Miss. 1998).