746 So.2d 867 (1998)
Fred PEARSON a/k/a Fred Douglas Pearson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01065 COA.
Court of Appeals of Mississippi.
December 18, 1998.
Rehearing Denied March 23, 1999.
*869 Sonny Clanton, Calhoun City, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before BRIDGES, C.J., and HINKEBEIN and KING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Fred Pearson was convicted in the Circuit Court of Calhoun County on August 6, 1997, of the sale of cocaine and was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Aggrieved, Pearson appeals raising the following issues: 1) that the court erred in not arranging a full venire for jury selection as all potential black jurors were excluded, and in failing to conduct a Batson hearing following the appellant's objection; 2) that the court erred in failing to grant a mistrial after prejudicial remarks were made by the prosecuting attorney; 3) that the court's sentence is cruel and unusual punishment in violation of the Eighth Amendment; and 4) that the verdict is against the overwhelming weight of the evidence. We find adequate evidence to support the verdict, but reverse and remand this cause to the Circuit Court of Calhoun County for a new trial, concluding that the State failed to state a valid race-neutral explanation for the exclusion of potential black jurors and that the trial court abused its discretion in denying Pearson's motion.

FACTS
¶ 2. On May 21, 1996, agents of the Mississippi Bureau of Narcotics met and discussed with confidential informants a plan to purchase illegal drugs in the Derma, Calhoun County area. The informants ultimately purchased a substance from Pearson that was confirmed to be crack cocaine. Pearson was later arrested and charged with the sale of cocaine.
¶ 3. At Pearson's trial, both parties met in chambers to discuss the challenges for cause and the peremptory challenges. The prosecution used five peremptory challenges, three of which excluded potential black jurors. Pearson objected that all of the blacks on the panel had been systematically excluded. The State stated, "I don't believe that's sufficient to establish a pattern," and the trial judge denied Pearson's motion. Pearson was ultimately convicted of the sale of cocaine and sentenced to thirty years in the Mississippi Department of Corrections. Aggrieved, Pearson perfected this appeal.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S OBJECTION THAT THE STATE SYSTEMATICALLY EXCLUDED ALL THE BLACK MEMBERS OF THE PANEL AND FAILED TO CONDUCT A BATSON HEARING.
¶ 4. Pearson argues on appeal that the State used five peremptory challenges, three of which were unconstitutionally used to strike the only remaining black people on the panel. Pearson contends that although he objected to these exclusions, the State responded that there was *870 no pattern of discrimination. The trial judge agreed and overruled the objection. Pearson argues that the court erroneously overruled his objection without first conducting a Batson hearing. The State argues that a Batson hearing was not required since Pearson failed to establish a prima facie case.
¶ 5. Two methods exist to enable a prosecutor or a defendant to challenge a prospective juror. The first method is a challenge for cause based on a specific reason that the judge must find to be legally sufficient. The second method, which necessarily involves a Batson challenge, is a peremptory challenge based on a statutory privilege to remove an otherwise statutorily qualified potential juror. Historically, a peremptory challenge could be exercised without reason, inquiry, or being subject to a court's control. Swain v. Alabama, 380 U.S. 202, 220, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), overruled by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
¶ 6. The Mississippi Supreme Court has established the following standard of review to which this Court must adhere when it reviews an allegation of error based on Batson:
[A] reviewing court should give the trial court "great deference." "Great deference" has been defined in the Batson context as insulating from appellate reversal any trial findings which are not clearly erroneous.
. . . .
[A] trial judge's factual findings relative to a prosecutor's use of peremptory challenges on minority persons are to be accorded great deference and will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. This perspective is wholly consistent with our unflagging support of the trial court as the proper forum for resolution of factual controversies.
Lockett v. State, 517 So.2d 1346, 1349-50 (Miss.1987) (citations omitted).
¶ 7. Under Batson, in order for the defendant to raise a prima facie case that the prosecution has improperly struck a potential juror on the basis of race, it must be shown (1) that he is "a member of a cognizable racial group," and that the prosecution has "exercised peremptory challenges to remove from the venire members of the defendant's race"; (2) that the defendant is entitled to rely on the fact that peremptory challenges allow "those to discriminate who are of a mind to discriminate"; and (3) that "these facts and any other relevant circumstances raise an inference that the [State] used that practice to exclude the veniremen from the petit jury on account of their race." Batson, 476 U.S. at 96, 106 S.Ct. 1712. Batson applies to peremptory challenges exercised by both the prosecution and the defendant. Griffin v. State, 610 So.2d 354, 356 (Miss. 1992).
¶ 8. Once a defendant has made a prima facie case of purposeful discrimination, the burden then shifts to the State to announce race-neutral reasons for the exclusion of those people from the venire. Batson, 476 U.S. at 97, 106 S.Ct. 1712. Where a trial court has ruled that a prosecutor's explanations were valid race-neutral reasons, the reviewing court will assume the prima facie requirement has been met. Lockett, 517 So.2d at 1349; see also Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("Once a prosecutor has offered a raceneutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot."). The State's explanation need not rise to the level of justification as required for a challenge for cause. Harper v. State, 635 So.2d 864, 867 (Miss.1994).
*871 ¶ 9. Additionally, the defendant is allowed to rebut the reasons which have been offered by the State. Bush v. State, 585 So.2d 1262, 1268 (Miss.1991). However, if the defendant offers no rebuttal, the trial court is forced to examine only the reasons given by the State. Id. The trial court must determine whether a discriminatory intent is inherent in the State's explanation. Lockett, 517 So.2d at 1350. Additionally, the court must make an on-the-record factual determination of the merits for each of the State's race-neutral reasons for exercising peremptory challenges against potential jurors. Hatten v. State, 628 So.2d 294, 298 (Miss.1993). Hatten stated that once the State announces its race-neutral reason for exercising its peremptory challenge, the trial judge,
in determining which explanations are sufficiently race-neutral and which are not, should give an equally "clear and reasonably specific" explanation for his ruling. As we also stated in Lockett, "[t]his perspective is wholly consistent with our unflagging support of the trial court as the proper forum for resolution of factual controversies."
Id. at 299 (quoting Lockett, 517 So.2d at 1350). When such a determination is made by the trial court, appellate reversal will not occur unless the trial court's findings are clearly erroneous or against the overwhelming weight of the evidence. Bounds v. State, 688 So.2d 1362, 1367 (Miss.1997).
¶ 10. The Bounds case, following J.E.B. v. Alabama, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), extended the requirements and protections of Batson to gender as well as race. Id. at 1366. In that case, the trial judge failed to state on the record his basis for denying a peremptory strike after gender-neutral reasons were given. Instead, he simply stated that he was denying the challenge. The supreme court, in addressing this situation, stated:
In light of this Court's previous rulings interpreting Batson, which is now applicable not only to race but also to gender as a result of J.E.B., the trial judge committed reversible error in not giving clear and reasonably specific explanations for his denial of Bounds' peremptory strikes.
Id. at 1367. Unfortunately, the same error occurred in the case sub judice, where the State exercised five of its peremptory challenges, three of which were used on the only blacks on the venire. Pearson objected, and the following dialogue occurred between the trial court and the attorneys:
MR. MOORE: Your Honor, can I make an objection at this point for the record?
THE COURT: Yes. sir.
MR. MOORE: For the record there were three blacks on the panel; and they struck all three of them, your Honor; and we object to that for that reason. They have each and every black that was tendered by this jury panel was struck by the State, your Honor; and we object to that.
THE COURT: All right, is there anything further in that regard?
MR. HOOD: Your Honor, we only spent five strikes. I know we have stricken some whites in those two [sic]. I don't know right off who is who.
THE COURT: Is there anything further in that regard, Mr. Moore?
MR. MOORE: No, sir, other than they have systematically excluded the blacks from the jury panel.
THE COURT: State have any response?
MR. HOOD: I don't believe that's sufficient to establish a pattern.
THE COURT: The objection is noted; and if that's the full content of the motion, the motion will be denied....
*872 When this issue arose later during the hearing on Pearson's motion for a new trial, the court once again gave no basis for its acceptance of the State's improper reasons for striking the jurors.
¶ 11. When Pearson stated that all three of the black veniremen were excluded, a prima facie case of purposeful discrimination was established. The case at bar is similar to Berry v. State, 703 So.2d 269, 294 (Miss.1997), where the prosecution struck every available black person from the venire. "Such a jury composition certainly creates an inference of purposeful discrimination." Id.; see also Conerly v. State, 544 So.2d 1370, 1372 (Miss.1989). It is this Court's finding that determination of whether a prima facie case exists must focus on whether the State was excluding all or almost all of the blacks. Since that occurred here, an explanation was required.
¶ 12. In Thorson v. State, 653 So.2d 876, 896 (Miss.1994), the supreme court remanded the case where the trial court failed to inquire into whether the State had race-neutral explanations for peremptorily challenging prospective black jurors. However, in the case at bar, the court did ask the State for an explanation. The State responded, and the court made its finding. Following the requirements of Hatten and Bounds, this Court has no alternative but to reverse and remand this case for a new trial. It is arguable whether the Bounds decision is distinguishable from the case sub judice since the court in Bounds failed to give an explanation for its denial of the defendant's peremptory challenges. In this case, the court approved the strikes and merely accepted the State's reasons for its peremptory challenges without comment. Thus, it could be argued that by accepting the State's reasons without comment, the trial court was implicitly adopting those reasons as its own. Nevertheless, in light of the State's failure to articulate a valid race-neutral reason for striking the three black jurors, and because the trial judge failed to give a clear and reasonably specific explanation for its ruling in approving the peremptory challenges, it is this Court's finding that the trial judge committed reversible error.
¶ 13. We have reviewed the other assignments of error raised by Pearson and find that they are meritless. However, for the reasons stated above, we have no alternative but to reverse this case and remand for a new trial consistent with the terms of this opinion.
¶ 14. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO CALHOUN COUNTY.
McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.