989 So.2d 893 (2007)
Charles Isaac FISHER, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01886-COA.
Court of Appeals of Mississippi.
October 9, 2007.
Rehearing Denied April 29, 2008.
Certiorari Denied August 28, 2008.
*894 Carrie A. Jourdan, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On August 19, 2004, Charles Fisher struck Monessa Bardley with his automobile. Bardley was hospitalized and treated for serious injuries, including a pelvic fracture. At the time of the incident, Fisher and Bardley had been involved in a relationship for over four years and had three children. By all accounts the relationship was tempestuous and both parties alleged that the other had instigated this particular altercation.
¶ 2. On August 16, 2005, a jury in the Lowndes County Circuit Court found Fisher guilty of aggravated assault. Fisher was then sentenced to serve eighteen years in the custody of the Mississippi Department of Corrections. Fisher subsequently filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. After this motion was denied by the trial court, Fisher appealed to this Court asserting that the trial court erred in upholding certain peremptory strikes of potential jurors made by the State, thus he was denied a fair trial.

DISCUSSION
¶ 3. In his sole issue on appeal, Fisher argues that the trial court denied him a fair trial by upholding certain peremptory strikes of two potential jurors by the State when these particular strikes were used in a racially discriminatory manner. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), provides procedural directives for the trial court to follow in detecting and disallowing the practice of using peremptory challenges to remove members of an identified racial group from jury service based upon nothing more than their racial identification. To successfully assert a Batson claim, the following procedure must occur:

*895 First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.
Berry v. State, 728 So.2d 568, 572(¶ 11) (Miss.1999) (citing Hernandez v. New York, 500 U.S. 352, 358-59, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)).
¶ 4. Our standard of review requires a reversal only if the factual findings of the trial judge are "clearly erroneous or against the overwhelming weight of the evidence." Tanner v. State, 764 So.2d 385, 393(¶ 14) (Miss.2000). Any determination made by a trial judge under Batson is accorded great deference because it is "based, in a large part, on credibility." Coleman v. State, 697 So.2d 777, 785 (Miss. 1997). The term "great deference" has been defined in the Batson context as meaning an insulation from appellate reversal of any trial findings which are not clearly erroneous. Lockett v. State, 517 So.2d 1346, 1349 (Miss.1987).
¶ 5. Our supreme court "has recognized five indicia of pretext that are relevant when analyzing the race-neutral reasons offered by the proponent of a peremptory strike," specifically:
(1) disparate treatment, that is, the presence of unchallenged jurors of the opposite race who share the characteristic given as the basis for the challenge; (2) the failure to voir dire as to the characteristic cited ... (3) the characteristic cited is unrelated to the facts of the case; (4) lack of record support for the stated reason; and (5) group-based traits.
Flowers v. State, 947 So.2d 910, 917(¶ 9) (Miss.2007) (citing Manning v. State, 765 So.2d 516, 519(¶ 9) (Miss.2000) (citations omitted)).
¶ 6. During jury selection, Fisher, a black male, raised a Batson objection. The State had used four of its peremptory strikes on black females, leaving the jury panel void of any minorities other than one of the alternates. The record is unclear as to the exact size and racial makeup of the jury pool. The trial judge did make a comment during a motion hearing about the jury panel being majority white. In his brief, Fisher focuses on two of the jurors who were struck, namely Juror S-2, a black female, and Juror S-3, a black female. We find it helpful to include the pertinent portions of the trial transcript relating to the Batson challenge. In advancing race-neutral reasons for striking Juror S-2 and Juror S-3, the following exchange occurred between the prosecution, Ms. Hayes-Ellis, the trial judge and Fisher's trial counsel, Ms. Jourdan:
BY MS. HAYES-ELLIS: With regard to S-2, Your Honor, she is essentially around the same age group as this defendant. And in speaking with the victim, we believe that there may have been some dealing of some sort, we're not quite sure, between  if not specifically with this defendant, but some dealings around that way and also with regard to her occupation.
BY THE COURT: Age and occupation are your race neutral reasons. She's a sitter.
BY MS. HAYES-ELLIS: Yes, sir.
BY MS. JOURDAN: Well, Your Honor, we 
BY THE COURT: Anything further on that one?
BY MS. JOURDAN: Your Honor, I would say that the information from the *896 victim has already proved to be not half [sic] a strong indicia of credibility already as it relates to Mr. Thornton.
BY THE COURT: She [Juror S-2] didn't respond.
BY MS. JOURDAN: A bunch of the jurors didn't respond, and they're not being struck for that reason.
BY THE COURT: Age is the primary reason you gave me.
BY MS. HAYES-ELLIS: Yes, sir.
BY THE COURT: That is a race neutral reason.
BY MS. JOURDAN: Your Honor, there are other members of the panel the same age as Mr. Fisher.
BY THE COURT: That though is a race neutral reason. Next?
BY MS. HAYES-ELLIS: Your honor, with regard to S-3, juror 19, if I'm not mistaken, Your Honor is also around the same age with this particular defendant, and the victim has had some  as she put it, some  I think there has been an altercation between this person and the victim, if I have this as the right person. But 
BY THE COURT: You're supposed to have it as the right person.
BY MS. HAYES-ELLIS: Yes, sir. My recollection is that she is the one. But in addition to that, there was also  in regards to the occupation and the age was basically the reason that we struck her.
BY THE COURT: She is a housekeeper. Her age is about the same age, and that she has had prior dealings with your victim.
BY MS. HAYES-ELLIS: Yes, sir. And there was also some issues, Your Honor, regarding whether or not this is the last name that our office has dealt with.
BY THE COURT: Billups [Juror S-3]. I'm familiar with them.
BY MS. JOURDAN: Your Honor, this juror was voir dired extensively about whether she knew the defendant, the victim, whether she had been involved in a criminal prosecution or member, friend of family, and she responded to all of those no. She never indicated that she could not be fair and impartial. Your Honor, again, I mean, simply mouthing a race neutral reason without it being a credible  I think the responsibility on the Court is to determine if that's a credible race neutral reason, and it's not.
BY THE COURT: Whoa. Whoa. Whoa. I don't judge the truthfulness of her reason. The only thing that I judge is whether it is a race neutral reason.
BY MS. JOURDAN: And, Your Honor, I'd like to point out that she has specifically denied the things Ms. Hayes-Ellis is bringing up here.
BY MS. HAYES-ELLIS: She hasn't denied it. It just wasn't answered. And as far as Court experience, as far as mine goes, there have been numerous times questions have been asked and people on the jury panel did not answer it and then find out that was in fact true.
BY THE COURT: Age is a race neutral reason that she stated. She stated that her victim said that she has had prior altercations or dealings with this individual. That's race neutral likewise. For those reasons, they are race neutral reasons for the exercise of a peremptory challenge. Now, also for the record, let's be clear about this. There are no racial issues that I'm aware of involved in this case.
BY MS. HAYES-ELLIS: The victim is black, and the defendant is black.
BY MS. JOURDAN: But, Your Honor, my client is still entitled to a jury of his *897 peers. I mean, that's what Batson is all about. That you're tried by your community, not by hand-picked members loaded in favor of the State. I mean, who are we giving a fair trial here to, Your Honor? I mean, all of this has come from the victim, which I have no independent way of confirming or not. I suspect the victim's credibility is a big issue in this case, Your Honor.
BY THE COURT: All I have to hear without judging the truthfulness of it right now is whether or not those are race neutral reasons. And I have heard her response that those are race neutral reasons.
¶ 7. Age and employment are two reasons which have been deemed race-neutral. Davis v. State, 660 So.2d 1228, 1242 (Miss.1995). However, from the record it is unclear as to the exact age of these jurors. A Lowndes County sheriff's booking sheet included in the record indicates that Fisher was approximately thirty years old at the time of the incident.
¶ 8. This Court has stated that "a party may attempt to refute the other party's race-neutral reason by `pointing out that similar claims can be made about non-excluded jurors.'" McFarland v. State, 707 So.2d 166, 172(¶ 17) (Miss.1998) (citing U.S. v. Bentley-Smith, 2 F.3d 1368, 1373-74 (5th Cir.1993)). In the absence of rebuttal by the challenging party, the trial judge is limited to the reasons proffered by the party exercising the peremptory strike. Lynch v. State, 877 So.2d 1254, 1271 (¶ 49) (Miss.2004). Fisher stated that there were other members of the panel the same age as Fisher; however, Fisher has not included the age of these other jurors in the record on appeal. Since age is a valid race-neutral reason and Fisher has not offered sufficient rebuttal, we cannot find that the trial court erred in finding no Batson violation.
¶ 9. Fisher also argues that the State should have individually voir dired these two jurors about possible prior dealings with the victim. Fisher claims that, by failing to do so, the State's race-neutral reasons were a "sham." However, the supreme court has found the following:
We decline to set any limits on the prosecutor's use of any legitimate informational source heretofore or hereafter available as to jurors. Furthermore, the prosecutor does not have to question a juror in open court about such information before using it as a racially neutral ground to make a peremptory strike, as long as the source of the information and the practice itself are not racially discriminatory.
Lockett, 517 So.2d at 1353; see also McFarland, 707 So.2d at 173(¶ 21). Fisher has failed to demonstrate that the information source and the practice itself are racially discriminatory.
¶ 10. We do note that it is clear from the record that a large number of potential jurors knew Fisher, Fisher's mother, Fisher's family, potential witnesses in the case, or the attorneys. The other peremptory challenges by the State were used against a juror whose son was a witness, two jurors who were close friends of the family and another juror who had a close family member prosecuted by the same district attorney's office. Furthermore, the trial judge was well aware of Fisher's concern over the jury members and stated as follows:
The defendant offers no evidence to support their allegation that the race neutral reasons offered by the assistant district attorney were pretextual. I think the major complaint is that the jury as drawn consists of only one member, who is an alternate member, of the Afro-American race, and I think that that  or *898 heritage. That within itself is not an unusual course of events in this county. It happens on occasion in this county that that occurs.
. . . .
The occasions [sic] is that the jury panel was a majority white panel upstairs, and that happens in this particular county because of the demographics of the entire county.... It happens two or three times a year or a couple of times a year that we get, one way or another, all black, all white.
¶ 11. Finding no error, we affirm.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
MYERS, P.J., CHANDLER, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., GRIFFIS, BARNES AND ROBERTS, JJ.
IRVING, J., Dissenting:
¶ 13. Without addressing the merits of Fisher's argument that he was denied a fair trial because the State struck two black females in violation of Batson, the majority finds that Fisher failed to make an adequate record to support his contention that the reasons given by the State for striking certain jurors were pre-textual.[1] With respect, I must dissent because, in my judgment, the record is adequate for our review of the critical issue: whether the court erroneously sustained the State's peremptory challenge to two jurors in light of Fisher's Batson challenge. I think it did. Therefore, I dissent on the merits. We do not need to know the ages of any of the jurors, as there is no issue regarding age.
¶ 14. The majority finds that Fisher failed to "include the age of these jurors [the ones around his age who were not struck] in the record on appeal." I agree with the majority that the age of the other jurors is not reflected in the record. However, I point out that, at the time of the peremptory strike, the State did not put either Fisher's age or the age of the challenged jurors in the record. Apparently, the majority has no problem accepting that the challenged jurors and Fisher are around the same age. Therefore, I see no reason why we should not accept defense counsel's representation in the record that the State accepted certain jurors who were around the same age as Fisher. Surely the trial court was aware of the ages of the jurors, because each of them has to fill out a juror information card with a space to include the juror's age or birth date. Were defense counsel's representations inaccurate, I have no doubt the court would have corrected her. Further, the State makes no issue of this omission.
¶ 15. The majority, in my humble opinion, misses the real issue. The real issue is not whether the jurors' ages are in the record, but whether the trial court properly performed its function to determine whether the facially race-neutral reasons offered by the State were merely pre-textual. On this issue, it seems to me that the record answers the question emphatically *899 in the negative and preempts any reasonable debate to the contrary:
BY MS. HAYES-ELLIS: With regard to S-2, Your Honor, she is essentially around the same age as the defendant. And in speaking with the victim, we believe that there may have been some dealing of some sort, we're not quire sure, between  if not specifically with this defendant, but some dealings around that way and also with regard to her occupation.
BY THE COURT: Age and occupation are your race neutral reasons. She's a sitter.
BY MS. HAYES-ELLIS: Yes sir.
BY MS. JOURDAN: Well, Your Honor, we 
BY THE COURT: Anything further on that one?
BY MS. JOURDAN: Your Honor, I would say that the information from the victim has already proved to be not half [sic] a strong indicia of credibility already as it relates to Mr. Thornton.[2]
BY THE COURT: She [Juror S-2] didn't respond.
BY MS. JOURDAN: A bunch of the jurors didn't respond, and they're not being struck for that reason.
BY THE COURT: Age is the primary reason you gave me.
BY MS. HAYES-ELLIS: Yes, sir.
BY THE COURT: That is a race neutral reason.
BY MS. JOURDAN: Your Honor, there are other members of the panel the same age as Mr. Fisher.
BY THE COURT: That though is a race neutral reason. Next?
BY MS. HAYES-ELLIS: Your honor, with regard to S-3, juror 19, if I'm not mistaken, Your Honor is also around the same age with this particular defendant, and the victim has had some  as she put it, some  I think there has been an altercation between this person and the victim, if I have this as the right person. But 
BY THE COURT: You're supposed to have it as the right person.
MY MS. HAYES-ELLIS: Yes, sir. My recollection is that she is the one. But in addition to that, there was also  in regards to the occupation and the age was basically the reason that we struck her.
BY THE COURT: She is a housekeeper. Her age is about the same age, and that she has had prior dealings with your victim.
BY MS. HAYES-ELLIS: Yes, sir. And there was also some issues, Your Honor, regarding whether or not this is the last name that our office has dealt with.
BY THE COURT: Billups [Juror S-3]. I'm familiar with them.
BY Ms. JOURDAN: Your Honor, this juror was voir dired extensively about whether she knew the defendant, the victim, whether she had been involved in a criminal prosecution or member, friend of family, and she responded to all of those no. She never indicated that she could not be fair and impartial. Your Honor, again, I mean, simply mouthing a race neutral reason without it being a credible  I think the responsibility on the Court is to determine if that's a credible race neutral reason, and it's not.
BY THE COURT: Whoa. Whoa. Whoa. I don't judge the truthfulness of her reason. The only thing that I judge is whether it is a race neutral reason.

*900 BY MS. JOURDAN: And, Your Honor, I'd like to point out that she has specifically denied the things Ms. Hayes-Ellis is bringing up here.
BY MS. HAYES-ELLIS: She hasn't denied it. It just wasn't answered. And as far as Court experience, as far as mine goes, there have been numerous times questions have been asked and people on the jury panel did not answer it and the find out that was in fact true.
BY THE COURT: Age is a race neutral reason that she stated. She stated that her victim said that she has had prior altercations or dealings with this individual. That's race neutral likewise. For those reasons, they are race neutral reasons for the exercise of a peremptory challenge. Now, also for the record, let's be clear about this. There are no racial issues that I'm aware of involved in this case.
BY MS. HAYES-ELLIS: The victim is black, and the defendant is black.
BY MS. JOURDAN: But, Your Honor, my client is still entitled to a jury of his peers. I mean, that's what Batson is all about. That you're tried by your community, not by handpicked members loaded in favor of the State. I mean, who are we giving a fair trial here to, Your Honor? I mean, all of this has come from the victim, which I have no independent way of confirming or not. I suspect the victim's credibility is a big issue in this case, Your Honor.
BY THE COURT: All I have to hear without judging the truthfulness of it right now is whether or not those are race neutral reasons. And I have heard her response that those are race neutral reasons.
It is readily apparent from the court's comments in the passage quoted above that the court did not accept that making pre-textual determinations was even a part of the Batson analysis.
¶ 16. In my judgment, based on Fisher's rebuttal to the State's facially race-neutral reasons for striking the jurors, the court was required to make on-the-record findings in support of its determination to allow the strike. In other words, the court was required to explain why it concluded that the offered reasons were not pre-textual. Johnson v. State, 754 So.2d 1178 (Miss.2000).
¶ 17. In Johnson, our supreme court reversed this Court on a Batson issue that the court framed as follows:
The question presented in this appeal is whether a trial court, when considering peremptory challenges under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986), may decline to make a factual determination, on the record, of the merits of the reasons provided by a party for those challenges. The Court of Appeals found that the trial court's failure to hold such a hearing was not error.
Id. at 1178 (¶ 1)
In resolving the issue, we today decide it necessary that trial courts make an on-the-record, factual determination, of the merits of the reasons cited by the State for its use of peremptory challenges against potential jurors. This requirement is far from revolutionary, as it has always been the wiser approach for trial courts to follow. Such a procedure, we believe, is in line with the "great deference" customarily afforded court's determination of such issues. "Great deference" has been defined in the Batson context as insulating from appellate reversal any trial findings which are not clearly erroneous. (Citations omitted). Obviously, where a trial court offers clear factual findings relative to its decision to accept the State's reasons for *901 peremptory strikes, the guesswork surrounding the trial court's ruling is eliminated upon appeal of a Batson issue to this Court.
Id. at 1180(¶ 6) (quoting Hatten v. State, 628 So.2d 294, 298 (Miss.1993)).
¶ 18. In the case before us, the court made no such on-the-record findings, resulting in reversible error. Therefore, I dissent. I would reverse and remand this case for another trial.
KING, C.J., GRIFFIS, BARNES AND ROBERTS, JJ., JOIN THIS OPINION.
NOTES
[1] Similarity of age between the defendant and two of the jurors was one of the race-neutral reasons offered by the State for its peremptory strike against two black female jurors. Fisher pointed out to the court that there were other jurors similarly situated in age but that those jurors were not struck.
[2] Thornton was one of the jurors chosen to hear the case.